Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000095
22-MAY-2013
09:07 AM

NO. CAAP-12-0000095

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

VIHN ALKIRE-CLEMEN,
Claimant-Appellant,
v.
CASTLE MEDICAL CENTER,
Employer-Appellee, Self-Insured
and
CRAWFORD AND COMPANY,
Insurance Adjuster-Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEAL BOARD
(CASE NO. AB 2003-121(S) (2-02-09980))

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard and Reifurth, JJ.)

Pro se Claimant-Appellant Vinh Alkire-Clemen (Alkire-Clemen) appeals from the "Order Adopting Proposed Decision and Order" filed January 11, 2012, and the "Order Denying Claimant's January 13, 2012 Request For Reconsideration And Oral Argument" filed January 19, 2012 by the Labor and Industrial Relations Appeals Board (LIRAB). LIRAB decided in favor of Employer-Appellee Castle Medical Center and Insurance Adjuster-Appellee Crawford and Company.

On appeal, Alkire-Clemen contends LIRAB erred in finding her claim for Workers' Compensation was time barred.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Alkire-Clemen's appeal is without merit.

Alkire-Clemen contends LIRAB erred by concluding her August 2002 claim for Workers' Compensation was time barred. In the Proposed Decision and Order filed December 12, 2011, LIRAB made the following findings: (1) the injury manifested itself in February 1999; (2) Alkire-Clemen first contacted LIRAB about the injury in October 2001; and, (3) Alkire-Clemen filed a claim with LIRAB in August 2002.

In order for a workers' compensation claim to be timely, the claimant must satisfy Hawaii Revised Statutes § 386-82 (1993), which provides in relevant part:

> The right to compensation under this chapter shall be barred unless a written claim thereof is made to the director of labor and industrial relations (1) within two years after the date at which the effects of the injury for which the employee is entitled to compensation have become manifest, and (2) within five years after the date of the accident or occurrence which caused the injury.

"The limitation period for a claim does not begin to run until the claimant, as a reasonable person, should recognize the nature, seriousness, and probable compensable character of an injury or disease." Hayashi v. Scott Co., 93 Hawai'i 8, 10, 994 P.2d 1054, 1056 (2000) (citing Demond v. Univ. of Hawai'i, 54 Haw. 98, 104, 503 P.2d 434, 438 (1972)). Manifestation of an injury may become apparent when the injury prevents the claimant from performing ordinary work duties or when the claimant seeks medical attention for the injury. Hayashi, 93 Hawai'i at 12, 994 P.2d at 1058; Tomita v. Hotel Service Center, 2 Haw. App. 157, 159, 628 P.2d 205, 208 (1981).

Alkire-Clemen concedes that she filed a claim for the February 1999 injury more than 30 months after the date of the injury. However, Alkire-Clemen claims the injury did not

manifest until March 2001, making her August 2002 claim timely. The first medical documentation of the manifestation of Alkire-Clemen's February 1999 injury was September 1, 1999, when a physician treating Alkire-Clemen noted her complaint of increased pain since the February 1999 work incident. The physician documented that Alkire-Clemen sought treatment for the worsening pain which prevented Alkire-Clemen from returning to work. LIRAB did not err in finding Alkire-Clemen's February 1999 injury manifested when Alkire-Clemen sought treatment for this injury in September 1999. Therefore, LIRAB did not err in concluding Alkire-Clemen's claim was time barred.

Therefore,

IT IS HEREBY ORDERED that the "Order Adopting Proposed Decision and Order" filed January 11, 2012, and the "Order Denying Claimant's January 13, 2012 Request For Reconsideration And Oral Argument" filed January 19, 2012 by the Labor and Industrial Relations Appeals Board are affirmed.

DATED: Honolulu, Hawaiʻi, May 22, 2013.

On the briefs:

Vinh Alkire-Clemen
Claimant Appellant pro se.

Wayne W.H. Wong
for Employer-Appellee, Self-
Insured and Insurance
Adjuster-Appellee.

Presiding Judge

Associate Judge

Associate Judge